UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JIMMY E. RUSSELL       ]
    Plaintiff,         ]
                       ]
v.                     ]     No. 1:12-0173
                       ]     JUDGE HAYNES
MARSHALL COUNTY JAIL   ]
    Defendant.         ]

MEMORANDUM

Plaintiff, Jimmy E. Russell, a state inmate at the Marshall County Jail in Lewisburg, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against the Defendant Marshall County Jail. Plaintiff seeks injunctive relief and damages for the alleged denial of adequate health care at the Marshall County Jail. Specifically, Plaintiff alleges that his five requests for medication have been denied, with the explanation in response to his multiple questions, that Plaintiff's family must pay for any medications. In addition, Plaintiff alleges that he has not been provided any pain medication for his headaches.

To state a claim for § 1983 relief, the Plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). A county jail or workhouse is not a person that can be sued under 42 U.S.C. § 1983. Rhodes v. McDannel, 945 F.2d 117, 120 (6th Cir. 1991); see also Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007)(a county sheriff's department is also not a "person" subject to liability under § 1983). Under a liberal

construction of this pro se complaint, the Court could construe the complaint as an attempt to state a claim against Marshall County, the entity responsible for the operation of the Marshall County Jail. For such a claim, Plaintiff must allege facts suggestive that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by Marshall County. Monell v. Department of Social Services, 436 U.S. 658, 689-690 (1978).

The responses to the Plaintiff's grievances are suggestive of a county policy, but the Court concludes that a frivolity hearing is necessary to assess such a claim. The hearing is set for **Wednesday, December 19, 2012 at 4:00 p.m. at the United States Courthouse in Columbia, Tennessee.** Plaintiff's custodian shall produce Plaintiff and his medical records for this hearing. The Clerk shall make a copy of this Order to the county attorney for Marshall County.

An appropriate Order is filed herewith.

WILLIAM J. HAYNES, JR.
Chief District Judge