IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| JIMMY RUSSELL, | ) | |
| Plaintiff, | ) ) ) | Case No. 1:12-0173 |
| | ) | Judge Haynes |
| v. | ) ) | |
| MARSHALL COUNTY JAIL, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM

Plaintiff, Jimmy E. Russell, a state inmate filed this action under 42 U.S.C. § 1983 against the Defendant Marshall County Jail. Plaintiff asserts a claim for denial of medical care. After a review of the pro se complaint, the Court set a frivolity hearing to assess Plaintiff's claim and ordered Plaintiff's medical records to be provided to the Court.

According to Plaintiff, after his placement at the Marshall County jail, he experienced dizzy headaches and blurry vision. Plaintiff requested an eye examination. Plaintiff states that jail officials informed him that if his family paid for the examination and if the doctor contacted jail officials, Plaintiff would be transported for the examination. Plaintiff cites his and his family's inability to pay for the examination. Plaintiff was unable to describe any obviousness of his eye condition, but explained he wanted an eye examination to see if he needed glasses to read and any other purpose such as work. Plaintiff previously worked a construction job where he had to read a tape measure. Plaintiff told a medical provider that he thought he had 20/20 vision. As to reading his mail, other prisoners at the jail read Plaintiff's mail to him. A friend brought Plaintiff reading glasses to the jail.

1

Plaintiff also stated that he had severe headaches for which jail officers provided Motrin. Plaintiff received Motrin every four days and sometimes more as needed. Plaintiff's medical records reflect that he received ibuprofen daily for several months. At one point Plaintiff's supply of Motrin ran out and Plaintiff completed a sick call request for Motrin and was given two tablets until additional tables were brought to the jail. Plaintiff went without Motrin for four days. Plaintiff's family brought a 500 count of Motrin bottle sealed to the jail. Plaintiff gets his medicine as needed, but has to complete a request form and pay a fee to get his medicine. Plaintiff also reported to sick call for back pain and his concern about a kidney infection for which Plaintiff received antibiotics for three to five days.

At the jail, Plaintiff has access to the commissary where he can purchase items. Prior to the commissary, inmates could bring their property into the jail as Plaintiff did with his Motrin. In August, 2013, the jail commissary opened, jail officials stopped the delivery of property to inmates from outside the jail to control for contraband.

Under the Eighth Amendment, prisoners have a right to medical care. The standard for deciding whether this right has been violated was stated as follows:

> [D]eliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (citation and footnotes omitted).

The Court of Appeals for this Circuit has stated that "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are

generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Yet, "medical attention rendered may be so woefully inadequate as to amount to no treatment at all." Id.

As it were with other Eighth Amendment claims, this claim likewise has objective and subjective components. Helling v. McKinney, 509 U.S. 25(1993). claim.

> Also **with respect to the objective factor**, determining whether McKinney's conditions of confinement violates the **Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to ETS. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwilling to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate.**
>
> **On remand, the subjective factor, deliberate indifference, should be determined in light of the prison authorities' current attitudes and conduct, which may have changed considerably since the judgment of the Court of Appeals.** Indeed, the adoption of the smoking policy mentioned above will bear heavily on the inquiry into deliberate indifference. In this respect we note that at oral argument McKinney's counsel was of the view that depending on how the new policy was administered, it could be very difficult to demonstrate that prison authorities are ignoring the possible dangers posed by ETS. . . . The inquiry into this factor also would be an appropriate vehicle to consider arguments regarding to the realities of prison administration.

Id. at 36 (emphasis added).

Here, Plaintiff has not demonstrated a serious medical need for an eye examination. For his headaches, Plaintiff was provided Motrin and received medical attention. In either instance, there is not any suggestion of deliberate indifference by jail officials . The requirement of a fee for medical service has been upheld. Bailey v. Carter, 15 Fed. App. 250-51 (6th Cir. 2001). The

3

Court concludes that this action should be dismissed for failure to state a claim upon which relief can be granted.

An appropriate Order is filed herewith.

**ENTERED** this the ___30th___ day of October, 2014.

WILLIAM J. HAYNES, JR.
United States District Judge